UNITED STATES of America, Appellee,

v.

Robert Edward GRUBB, Appellant.

UNITED STATES of America, Appellee,

v.

Oren Dean LEDBETTER, Appellant.

UNITED STATES of America, Appellee,

v.

Henry Gene LEDBETTER, Appellant.

Nos. 74–2352, 74–2353, 75–1039.

United States Court of Appeals, Fourth Circuit.

Argued July 11, 1975.

Decided Sept. 23, 1975.

---

Jerry W. Whitley, Charlotte, N. C., for Robert Edward Grubb.

Charles T. Myers, Charlotte, N. C. (court-appointed), for Dean Ledbetter.

Lila G. Bellar, Charlotte, N. C. (court-appointed) (Marshall Karro, Charlotte,

N. C., on brief), for Henry Gene Ledbetter.

Douglas M. Martin, Asst. U. S. Atty. (Keith S. Snyder, U. S. Atty., W. D. N. C., and Michael S. Scofield, Asst. U. S. Atty., on brief), for appellees.

Before CRAVEN, BUTZNER and FIELD, Circuit Judges.

BUTZNER, Circuit Judge:

Dean Ledbetter, Henry Gene Ledbetter, and Robert Grubb were convicted of conspiring to violate the Gun Control Law, 18 U.S.C. § 922. On their first appeal, the Ledbetters were granted a new trial. Although Grubb's conviction on his plea of guilty was affirmed, his case was remanded for resentencing. *See United States v. Looney,* 501 F.2d 1039 (4th Cir. 1974). The Ledbetters now appeal from their convictions in the second trial. They assign as error the district judge's denial of a motion to · quash the indictment, the admission of evidence over their objection that it was hearsay, and the sufficiency of the evidence convicting Dean Ledbetter. Grubb contends that the disparity between his sentence and those received by the other conspirators constituted an abuse of the court's discretion. We affirm the judgments.

■ Dean Ledbetter moved to quash the indictment because the time of the conspiracy was alleged as "beginning on or before January 3, 1972, and continuing until on or after December 22, 1972 . . . ." We find no merit in this assignment of error. The district court did not treat the indictment as being openended with respect to the times that the conspiracy began and ended. Quite properly it construed the indictment to mean "on or about" the mentioned dates, and with agreement of the government it confined the government's proof to events that occurred within those dates. *Cf. Ledbetter v. United States,* 170 U.S. 606, 18 S.Ct. 774, 42 L.Ed.2d 1162 (1898).

Henry Gene Ledbetter assigns error to the admission of testimony by two undercover agents repeating statements made by co-conspirators in October and November 1972. He contends that the arrest of his South Carolina co-conspirators in July 1972 ended the conspiracy as far as he was concerned, making the agents' testimony inadmissible hearsay.

■■ There was, however, ample evidence for the district court to find that the conspiracy had continued after the July 1972 arrests. The record shows gun purchases and attempts to sell them in New York as late as November 1972, and it reveals Henry Gene Ledbetter's continuing participation in the enterprise. Arrest of some co-conspirators does not, as a matter of law, terminate a conspiracy. In the absence of definite proof, Ledbetter's withdrawal from the conspiracy, or his abandonment of it, will not be presumed. *Cf. Local 167, International Brotherhood of Teamsters v. United States,* 291 U.S. 293, 298, 54 S.Ct. 396, 78 L.Ed. 804 (1934). The July arrest did not end the conspiracy but only made the participants who had not been arrested more careful. There was no error in the admission of the agents' testimony.

■ The Ledbetters also assigned as error the admission of two lists of weapons seized by the New York police which the government claimed had been purchased by members of the conspiracy in South Carolina. A police officer testified that he supervised compilation of the lists by comparing the sales records of the South Carolina supplier with the records of the police ballistics office and property clerk. The appellants claim that these lists are hearsay and should have been excluded. The government contends that the admission was harmless error and, relying on this doctrine, improvidently concedes ·a "technical breach of the hearsay rule."

We agree with the government that even if the admission were erroneous, it is harmless. The government actually produced four guns that had been transported by a conspirator to New York and seized by the police. This was sufficient to support the appellants' conviction, and the lists of additional guns were merely corroborative. Moreover, it was within

the trial court's discretion to admit the witness's summary of the police department's official records. *See Sam Macri & Sons, Inc. v. United States ex rel. Oaks Construction Co.,* 313 F.2d 119, 128 (9th Cir. 1963).

█ It would serve no purpose to cite in detail the evidence linking Dean Ledbetter to the conspiracy. It is sufficient to note that the record disclosed that he . purchased large quantities of the guns in South Carolina and solicited other people to make purchases on behalf of the conspiracy. Thus, there was ample evidence from which the trier of fact could determine his guilt.

█ Grubb was sentenced to five years' imprisonment, while some of his codefendants received shorter sentences or were placed on probation. He maintains that this disparity constitutes an abuse of discretion and that the district judge erred in considering evidence in the Ledbetters' trial that disclosed Grubbs' role in the conspiracy.

The judge did not err by considering this evidence. *See Williams v. New York,* 337 U.S. 241, 246, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). Our review of the record confirms the district court's conclusion that Grubb played an important role in the conspiracy. We recognize, however, that Grubb did not participate in the Ledbetters' trial, and it may be that in a subsequent motion he can show that the evidence in that trial did not fairly depict his conduct. We therefore affirm his sentence without prejudicing his opportunity to demonstrate, if he can, by a post-conviction motion for reduction of sentence, that the court was misinformed about his part in the conspiracy.

No. 74–2352—Affirmed.

No. 74–2353—Affirmed.

No. 75–1039—Affirmed.