**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John M. McGRATH,
Defendant-Appellant.**

No. 86–1569.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 23, 1986.

Decided Jan. 29, 1987.

Lawrence J. Fleming, London, Greenberg & Pleban, St. Louis, Mo., for defendant-appellant.

Bruce E. Ruppert, Frederick J. Hess, U.S. Atty., Asst. U.S. Atty., U.S. Attorney's Office, East St. Louis, Ill., for plaintiff-appellee.

Before BAUER, Chief Judge, WOOD, Circuit Judge and ESCHBACH, Senior Circuit Judge.

BAUER, Chief Judge.

Defendant, John McGrath, was convicted of conspiracy to transport stolen jewelry in violation of Title 18, United States Code § 2311 and with receiving and selling stolen jewelry in violation of Title 18, United States Code § 2315. On appeal the defendant argues that the district court erred in permitting the government to elicit testimony from its witness, Thomas Tucker, that he had been indicted with defendant, and that he had pled guilty to both counts in the indictment in exchange for cooperation. Next defendant argues that the district court erred in denying his request for a limiting instruction charging the jury that the co-defendant's guilty plea could not be considered on the issue of defendant's guilt. We disagree with both arguments and affirm the judgment of conviction.

### I.

On June 12, 1982, an alleged robbery occurred at Lordo's Diamonds, a retail jewelry outlet in St. Louis, Missouri. Robbers allegedly took jewelry valued at over $1,000,000. The evidence suggests that the robbery was committed by Ray Flynn, Lefty Miller, and George Eidson. McGrath assisted Flynn in disposing of a portion of the jewelry by referring him to Thomas Tucker, who traded automobiles in exchange for the stolen jewelry. The evidence also shows that McGrath assisted Tucker by delivering an additional $5,000 from Tucker to Flynn and by referring Jesse Stoneking to Tucker so that Tucker could sell Stoneking a portion of the jewelry he had purchased from Flynn.

Thomas Tucker was originally charged as a co-defendant with McGrath, but pursuant to a plea agreement testified as a government witness. After establishing Tucker's address and occupation, government counsel asked him, over defendant's objection, whether he had been "indicted by a grand jury with Mr. McGrath" (Tr. 2–44), whether "you and Mr. McGrath were co-defendants in that indictment" (Tr. 2–45) and whether he had pled guilty to the charge of "conspiracy and receipt, sale and disposition of stolen property having a value of $5,000 or more" (Tr. 2–47).[1] The trial court overruled defendant's objection to this testimony and denied his motion to strike it from the record.

At the instruction conference the defendant requested a limiting instruction:

"Your Honor, there is one instruction that I think perhaps ought to be given and I don't have one but I could probably get you one and that is something to the effect that the guilty plea of Tucker should in no way be considered in any way in the determination of the case against Jack McGrath. I objected at the time that the prosecutors cross-examined or directly examined Tucker on it, because I think they went a little bit too far and I don't waive that objection. But I do think that in view of that, I think the court should at least go to the extent of giving an instruction to the effect that his guilty plea cannot be considered in any way." (Tr. 159).

The district court declined to give the instruction.

"[T]he court has looked over the overall instructions given, or to be given to the jury. I feel that they will be adequately instructed and accordingly, especially with the instruction not being actually tendered, nor the exact wording of it, I'm not inclined to give it." (Tr. 160).

The defendant renewed the same objections and requests after the charge to the jury but still did not tender an instruction. (Tr. 202). The district court overruled defendants objections to the challenged testimony and refused to give a limiting instruction to the jury. The jury found

---

1. Tucker pled guilty to the conspiracy and substantive count and was later sentenced to two years with a provision for immediate eligibility for parole pursuant to 18 United States Code § 4205(b)(2).

McGrath guilty of both counts and this appeal followed.

## II.

McGrath argues that the district court erred in permitting the government to elicit testimony from Tucker that he had been indicted with him, that he was a co-defendant, and that he had pled guilty to the charge of conspiracy and the substantive offense of receiving and selling stolen jewelry. He argues that the government should have restricted its examination to establishing only that Tucker had pled guilty to an offense involving interstate transportation of stolen property, without inquiry into the offense itself.

In conjunction with this argument, the defendant argues that the government improperly emphasized Tucker's plea of guilty in its direct examination of Tucker. McGrath argues that the government referred to Tucker's guilty plea, his indictment, and the fact that he was McGrath's co-defendant on three separate occasions. He argues that this triple emphasis was improper.

First, a number of courts have determined that a co-conspirator's or co-defendant's entry of a guilty plea, even on occasion before the jury, was not prejudicial. *See United States v. Kahn*, 381 F.2d 824 (1967); *United States v. Aldridge*, 484 F.2d 655 (1973); *United States v. Harris*, 141 U.S.App.D.C. 253, 437 F.2d 686 (D.C.Cir.1970). McGrath's argument ignores the fact that both men were alleged in the indictment to be co-conspirators and that the indictment was read to the jury. Had the information that Tucker pled guilty in exchange for cooperation not been brought to the jury's attention, the plain inference which the jury would have been left to draw was that Tucker was permitted by the government to go unpunished for his illegal activities. Thus, to foreclose the possibility that the government had singled out McGrath for prosecution, while permitting his co-defendant to go free, the testimony at issue was properly elicited. Moreover, the record does not reflect that the government improperly emphasized Tucker's guilty plea. The government's examination of Tucker consisted of three questions in a single inquiry. The record does not reflect any additional references to Tucker's guilty plea.

Next McGrath argues that the district court erred in refusing to instruct the jury that Tucker's guilty plea could not be considered in any way on the issue of the defendant's guilt. He argues that defense counsel specifically requested that the court give a limiting instruction at the conclusion of the case and during the instruction conference. McGrath relies on *United States v. Bryza*, 522 F.2d 414, 425 (7th Cir.1975) to support his argument that he was entitled to a limiting instruction. In *Bryza* we held that the defendant is entitled to a limiting instruction in those cases which have approved the introduction of a co-defendant's guilty plea. Although we agree that a limiting instruction should have been given in this case, none was tendered. Rule 30 of the Federal Rules of Criminal Procedure provides "any party may file *written* [emphasis added] requests that the court instruct the jury on the law as set forth in the requests." We require a formal submission of a proposed charge, otherwise we will consider alleged defects in the court's instructions only under the plain error doctrine. *United States v. Fountain*, 642 F.2d 1083 (7th Cir.), *cert. denied*, 451 U.S. 993, 101 S.Ct. 2335, 68 L.Ed.2d 854 (1981); *United States v. Bastone*, 526 F.2d 971 (7th Cir.1975), *cert. denied*, 425 U.S. 2172, 96 S.Ct. 2172, 48 L.Ed.2d 797 (1976). The district court committed no error by refusing the defendant's ambiguous oral request.

Finally, pattern jury instruction 3.17 was read to the jury. It charged the jury "that evidence that has been introduced that a witness has been convicted of a crime is to be considered only insofar as it may affect the witness's credibility" (Tr. 192). We agree with the district court that the jury was adequately instructed notwithstanding the district court's denial of de-

fendant's offer to submit a limiting instruction.

For the foregoing reasons the judgment of the district court is

AFFIRMED.