896 F.2d 1368
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Linda SHUCK, a/k/a Penny Shuck, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven H. BECKER; Frank Becker, Defendants-Appellants.
 Nos. 88-5578, 88-5588.
 United States Court of Appeals, Fourth Circuit.
 Argued: June 6, 1989.
Decided: Feb. 9, 1990.
 
 Thomas M. Dawson; Joel Hirschhorn, for appellants.
 Martin Patrick Sheehan, Special Assistant United States Attorney (Michael W. Carey, United States Attorney; David E. Godwin, Special Assistant United States Attorney; Beth Heier Lurz, Assistant United States Attorney, on brief), for appellee.
 Before DONALD RUSSELL, PHILLIPS and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 The appellants appeal their convictions under an indictment returned July 16, 1986, which charged Steven Becker, his brother Frank Becker, his brothers-in-law Ralph Shuck and Michael Shuck, and his sister-in-law Linda Shuck, with conspiracy to possess with intent to distribute and cultivate marijuana during the period from the spring of 1981 until on or about July 27, 1981, in Count One and with cultivation of marijuana during the same period in Count Two. There was a third count which charged the appellants Frank Becker and Ralph Shuck with possession of marijuana with intent to distribute. Ralph and Michael Shuck appeared and were tried in December 1986. Michael was acquitted; Ralph was convicted under Counts One and Two but acquitted on Count Three. Ralph's conviction was affirmed on appeal. The remaining defendants, who had appeared, were arrested at various times between late May 1987 and November of the same year. After their arrest, they filed motions to dismiss the prosecution on the grounds that it was barred by the applicable statute of limitations (five years) and that pre-indictment delay required dismissal of the indictment. The motions were denied and, after a jury trial, defendants Steven Becker, Frank Becker and Linda Shuck, the appellants, were convicted. They have appealed that judgment of conviction asserting error by the district court in failing to dismiss under both the statute of limitations and pre-indictment delay. They also raised a claim of error in the United States Attorney's "improper witness vouching during closing argument," and the district judge's admitting prejudicial evidence. We find no merit in any of these claims of error and affirm the judgments of conviction.
 
 I.
 
 2
 The defendants were all engaged in the enterprise of raising and cultivating marijuana with the purpose of distributing it. In their operation they had rented a large farm known as the Spruce Flats Farm near Marlinton, West Virginia. In the spring of 1981 the marijuana cultivation began. The process of planting and transplanting continued from that time until late July 1981. On July 27, 1981, West Virginia officers conducted a surveillance over the area where the farm was located. They observed the marijuana patches. They returned about two hours later and, during a search of the premises, discovered two patches of marijuana growing in an open field on the property. None of the defendants was present at the time. The only persons found on the premises were Harrill, from whom the farm was rented, and his helper Oscar. An investigation was begun by state authorities to discover the persons responsible for the growing marijuana. The state, however, did not institute any prosecution but turned the information its officers had developed sometime in 1982 or 1983 over to the federal authorities. The federal grand jury undertook its investigation. It apparently encountered considerable difficulties. This is evidenced from the fact that one witness before the grand jury was later charged with and convicted of perjury. It was not until July 16, 1986, that the grand jury returned its indictment herein.
 
 II.
 
 3
 In their first claim of error, the defendants assert that they had withdrawn from the enterprise more than five years before the indictment herein. It is their contention that the enterprise was abandoned at a meeting of the conspirators at the Fox Run Farm, another place used by them in their marijuana operations. This meeting was held, they claim, before July 16, 1981, the date the statute of limitations commenced running. Under this scenario of events, as hypothesized by the appellants, the prosecution was barred under the applicable five-year statute of limitations. The government, however, takes the position that the meeting where the appellants claim to have abandoned the conspiracy was a day or two after July 27, 1981, and it marshals compelling evidence in support of this position. Thus, the government suggests that the defendants' abandonment followed their apprehension that their operation had been discovered by the helicopter surveillance. Until that time the appellants and their co-conspirators were proceeding with their marijuana enterprise and the conspiracy was still active. It is undisputed that the surveillance took place on July 27, and the government adduced evidence that the meeting of the conspirators at which the enterprise was abandoned was a day or two later. Under this proof, the prosecution was within the time limits of the applicable statute of limitations.
 
 
 4
 The appellants point to various items of flimsy, confusing and somewhat contradictory evidence to support the assumption that the meeting at the Fox Run Farm was perhaps before July 16, 1981, thereby establishing abandonment of the conspiracy on July 16, 1981. Despite the flimsiness of this testimony relied on by the appellants, the district judge chose to submit the statute of limitations issue to the jury under appropriate instructions. In so doing he did not err. After all, a defendant claiming abandonment or withdrawal in a criminal conspiracy bears the burden of producing evidence that he acted affirmatively to defeat or disavow the purpose of the conspiracy. If the evidence of withdrawal or abandonment is ambiguous or in dispute, as here, the issue is one for the jury. United States v. Urbanik, 801 F.2d 692, 697 (4th Cir.1986); United States v. Wooten, 688 F.2d 941, 946 (4th Cir.1982); United States v. Grubb, 527 F.2d 1107, 1109 (4th Cir.1975). Certainly, the appellants did nothing prior to the meeting at the Fox Run Farm to disavow or to indicate abandonment of the enterprise at the Spruce Flats Farm. The government's evidence would support a finding that this meeting took place after July 27. Any abandonment of the enterprise would therefore have been within the five-year period prior to indictment herein. United States v. Portsmouth Paving Corp., 694 F.2d 312, 319 (4th Cir.1982); United States v. James, 609 F.2d 36, 41-42 (2d Cir.), cert. denied, 445 U.S. 905 (1980). (In this case it was held that abandonment "in early February, 1973 would not bar prosecution for a conspiracy count filed in January 1978.") Nor was the conduct of the parties sufficient to constitute a repudiation of the conspiracy. Since there was conflicting testimony on the point when the conspiracy was abandoned, all the appellants had a right to was to have the issue submitted for resolution by the jury. They received that and they can ask no more. The jury resolved the issue against the defendants. The claim of error in failing to dismiss the prosecution as barred by the applicable statute of limitations is, under the circumstances, without any merit.
 
 III.
 
 5
 The appellants argue that, even if the statute of limitations does not bar their prosecution, pre-indictment delay by the government does. The district court dismissed this claim because the appellants failed to sustain their burden of proving prejudice, thereby making it unnecessary to consider the reasons for such delay as there was in the prosecution. That ruling of the district court can be reversed only for abuse of discretion. United States v. Automated Medical Laboratories, Inc., 770 F.2d 399, 403-04 (4th Cir.1985). We find no abuse of discretion here. We are confirmed in this conclusion by the absence of any evidence that the government's delay in prosecution was for the intentional purpose of securing a tactical advantage. United States v. Marion, 404 U.S. 307, 324 (1971); United States v. Lovasco, 431 U.S. 783, 790 (1977).
 
 IV.
 
 6
 It is contended that government counsel improperly vouched for the credibility of several participants in the enterprise who, under grant of immunity, testified for the government. The immunity grant was conditioned on the parties' testifying truthfully at trial. To counteract the argument that the condition attached to the grant of immunity made the witnesses' testimony hostage to the whim of the government, government counsel responded that the statute of limitations had "run" and so these witnesses "can tell you the honest truth." Such statement was, in its context, simply argumentative and in no sense an improper vouching by government's counsel for the credibility of the witnesses by making explicit "personal assurances of the witness[es]' veracity" or by indicating that " 'information not presented to the jury support[ed] the testimony.' " United States v. Wallace, 848 F.2d 1464, 1473 (9th Cir.1988); see also, to the same effect, United States v. Moore, 710 F.2d 157, 159 (4th Cir.), cert. denied, 464 U.S. 862 (1983). Applying that standard to the statement of government counsel in this case, there was no improper vouching for the credibility of the witnesses. United States v. Caporale, 806 F.2d 1487, 1513 (11th Cir.), cert. denied, 482 U.S. 917 (1987); United States v. Dennis, 786 F.2d 1029, 1046 (11th Cir.), cert. denied, 481 U.S. 1037 (1987); United States v. Spivey, 859 F.2d 461, 466 (7th Cir.1988); United States v. Ricco, 549 F.2d 264, 274 (2d Cir.), cert. denied, 431 U.S. 905 (1977). This is illustrated by repeated authorities. In Caporale, for instance, government counsel told the jurors that certain witnesses "had no motive to lie since they had already been convicted and that the jury had been shown every good reason why they should believe the witnesses." This is very analogous to the circumstances here, where counsel answered the argument that the condition (to "testify truthfully") rendered the witnesses' testimony not entitled to credit by pointing to the fact that the statute of limitations barred prosecution of the witnesses and there was in the record no reason to assume the witnesses were not telling the truth. In Ricco, the statement of government counsel was that the government's witnesses "would be subject to indictment for perjury and other previously uncharged offenses in the event they testified falsely...." This language was found not to be prejudicial. The language in this case was no more explicit or prejudicial than the statements by the prosecutors in the two cases cited.
 
 
 7
 We find this claim of error meritless.
 
 V.
 
 8
 Finally, the appellants state that certain evidence conditionally admitted was never validly connected. This objection focuses on the admission of an exhibit showing a purchase for use at the Spruce Flats Farm of some materials by Frank Fox, an alleged alias for one of the defendants. This evidence was similar to other evidence in other exhibits, the admission of which was not questioned. Its admission in these circumstances could not have been prejudicial.
 
 CONCLUSION
 
 9
 Having considered all the objections of the appellants and the overwhelming evidence of the appellants' guilt, we affirm the judgments of conviction of the appellants.
 
 
 10
 AFFIRMED.