61 F.3d 906
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Albert JACKSON, Defendant-Appellant.
 No. 94-3638.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 11, 1995.
Decided July 20, 1995.
 
 Before BAUER, WOOD, Jr. and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 The defendant was found guilty in a jury trial on June 16, 1994 of conspiracy to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1), 21 U.S.C. Sec. 841(b)(1)(B)(ii) and 21 U.S.C. Sec. 846 (Count I), and with knowingly possessing with intent to distribute more than 500 grams of a substance containing cocaine in violation of 21 U.S.C. Sec. 841(a)(1) and (b)(1)(B)(ii) (Count II).[1]
 
 
 2
 At issue is the sufficiency of the evidence to convict defendant of the conspiracy alleged in Count I, and also whether the evidence established not a single conspiracy as charged, but multiple conspiracies causing a fatal variance between the charge and the evidence. The third and last issue claims a denial of due process and a fair trial because of alleged instances of prosecutorial misconduct by the Assistant United States Attorney during the government's closing argument.
 
 
 3
 There is no need to set forth the facts of this not uncommon drug conspiracy. That was done in great detail by the trial judge in ruling on post-trial motions. The defendant claims nothing more was shown by the government than defendant's mere association with others who had their own individual drug conspiracies. A wheel-type conspiracy was clearly proven with the defendant as the central figure or the hub of the cocaine distribution. The government's evidence was more than sufficient.
 
 
 4
 It is recognized that the defendant has a heavy burden in trying to set aside his conviction on the basis of insufficient evidence particularly since this court must draw all reasonable inferences in the government's favor. United States v. Hubbard, 22 F.3d 1410, 1415 (7th Cir. 1994), cert. denied, 115 S. Ct. 762 (1995). To grant the defendant any relief, we would have to determine that no rational jury could find the defendant guilty beyond a reasonable doubt. In this case that determination is clearly not justified. What the government needed to prove was proven. United States v. Cabello, 16 F.3d 179, 181 (7th Cir. 1994). There is no issue about the jury instructions.
 
 
 5
 In addition, the defendant complains about parts of the government prosecutor's final arguments labelling them as prosecutorial misconduct. During the government's argument there were objections to some remarks, but others are objected to for the first time on appeal. Different standards of review apply. For those arguments which were objected to during arguments we must determine whether they were so prejudicial as to deprive the defendant of a fair trial. United States v. Spivey, 859 F.2d 461, 465 (7th Cir. 1988) (citing United States v. Fakhoury, 819 F.2d 1415, 1422 (7th Cir. 1987), cert. denied, 484 U.S. 1026 (1988)). In the present case the two standards, the other is mentioned hereafter, are of no practical significance.
 
 
 6
 One government argument had to do with the lack of corroboration to the defendant's own testimony. There was no corroboration and the prosecutor's comment did not shift the burden of proof to the defendant. It was a fair argument in the circumstances. Another prosecutor's comment which was objected to incorporated a well known television commercial by inquiring during the argument, "Where's the beef?" to make the same point. That for awhile was a well known expression mimicking the commercial. It cannot be said to have prejudiced the defendant in this context.
 
 
 7
 Another comment made by the prosecution was done in response to a defense argument that some of the witnesses who were participating had been involved in the drug distribution and were now cooperating with the government. The government responded to this argument by saying "[h]e says (meaning defense counsel) this is a conspiracy of the conspirators against [the defendant]. Hogwash. Absolute hogwash. And you all know that. Don't be fooled by smoke and mirrors." This was an invited response, United States v. Torres, 809 F.2d 429, 435 (7th Cir. 1987), and not improper or prejudicial in its particular language.
 
 
 8
 Beyond this the government labelled the defendant "a professional drug dealer" and a "liar." The evidence supported these characterizations which were not pursued to an excessive length. These additional remarks not being objected to at trial are reviewed for plain error. We see no possibility that these comments and the others to be mentioned resulted in the miscarriage of justice and the conviction of an innocent person. United States v. Newman, 965 F.2d 206, 213 (7th Cir.), cert. denied, 113 S. Ct. 470 (1992). The government is entitled to argue any reasonable inference from the trial evidence and may comment fairly on the credibility of witnesses including the defendant. United States v. Tucker, 820 F.2d 234, 237 (7th Cir. 1987).
 
 
 9
 The government also urged the jury to "Do your jobs. Do your duties," but refrained from advising the jury specifically that its duty was to find the defendant guilty in spite of the court's instructions.
 
 
 10
 During the course of the government's final argument in commenting on the credibility of the defendant, the prosecutor attempted to recruit to the government's side of the case the past and departed judges of that district court, with one exception, whose portraits hang along the courtroom walls. The prosecutor claiming apparently to know the views of the pictured judges, argued, "They would be hollering 'fraud,' 'liar,"' when the defendant was testifying. The picture of the present presiding district judge is the exception. All the other judges have long since departed from that court one way or another. Judge Mills found no fault in being included. We cannot say what those other deceased judges might have had to say about this case. One of the other judges, however, whose picture is likewise on the courtroom wall is also departed, but only to this court. That judge participated in reviewing this case on appeal. It is a bit presumptuous for the government to attempt to speak for any of the judges dead or alive as the government has not been designated as the spokesperson for any of them. In any event, trial judges ordinarily must leave matters of credibility to the jury. It was an innovative argument but it did no harm to the defendant.
 
 
 11
 Only one other bit of the government's final argument deserves attention. The prosecutor labelled the defendant's testimony as "hogwash, absolute garbage, B.S. and crap." That kind of street talk will seldom if ever be appropriate for a United States Attorney to use in a federal court. There are plenty of other good and sufficient words in our language to effectively attack the credibility of a witness. Arguments using that language might also be offensive to some jurors and unhelpful to the government.
 
 
 12
 We do not find these government final arguments to be reversible in the context of this case although some were close to the line. However, we do not recommend the government's arguments serve as a model to be followed. In the heat of a jury trial even an experienced and able prosecutor as in this case may say some things better said another way or not at all, but we find no reversible error in these circumstances.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 Defendant was sentenced to a term of imprisonment of four hundred and eighty months to be served consecutively to a previous unrelated federal drug case