**SUPERSEDING OPINION**

**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JAMES PATRICK MCGRAW,
Plaintiff-Appellant,

v.                                                                                  No. 96-6161

UNITED STATES OF AMERICA,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Robert D. Potter, Senior District Judge.
(CR-93-149, CA-95-104-3-P)

Submitted: October 22, 1996

Decided: January 24, 1997

Before HAMILTON and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Randolph Marshall Lee, Charlotte, North Carolina, for Appellant.
Kenneth Davis Bell, OFFICE OF THE UNITED STATES ATTOR-
NEY, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James Patrick McGraw appeals from the district court's order reversing the magistrate judge's memorandum and recommendations, and denying McGraw's motion under 28 U.S.C. § 2255 (1994), <u>as amended by</u> Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214. McGraw's motion claims ineffective assistance of counsel based on his trial counsel's failure to investigate and assert a statute of limitations defense based on his alleged 1987 withdrawal from the conspiracy to which he pled guilty. Based on our review of the entire record, the magistrate judge's memorandum and recommendations, and the district court's opinion, we vacate the district court's opinion, grant McGraw's motion, and remand the case to the district court with instructions to set aside McGraw's conviction and give him the right to negotiate a mutually acceptable plea agreement or to plead not guilty and proceed to trial.

To prevail on an ineffective assistance of counsel claim in the context of a conviction following a guilty plea, McGraw must show that defense counsel's representation fell below an objective standard of reasonableness pursuant to the prevailing professional norms, and that but for counsel's unprofessional errors he would not have pled guilty and would have insisted on going to trial. <u>See Hill v. Lockhart</u>, 474 U.S. 52, 58 (1985). Although the <u>Hill</u> standard is based upon the "general" framework for proving ineffective assistance of counsel when conviction has followed a trial, <u>see Strickland v. Washington</u>, 466 U.S. 668, 687-88, 694 (1984), the "prejudice" analysis contained in <u>Hill</u> is materially different from <u>Strickland</u>. In order to prove ineffective assistance of counsel under <u>Strickland</u>, a petitioner must show that the result of his trial would have been different. <u>See id.</u> at 694. However, when the conviction at issue has followed a guilty plea, the defendant must show that "there is a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have

2

insisted on going to trial." Hill, 474 U.S. at 59. "Because a guilty plea is valid only if it represents a knowing and voluntary choice among alternatives," defense counsel has a duty to investigate possible defenses and to advise the defendant so that he can make an informed decision. Savino v. Murray, 82 F.3d 593, 599 (4th Cir.), cert. denied, 117 S. Ct. 1 (1996); see Via v. Superintendent, Powhatan Correctional Ctr., 643 F.2d 167, 174 (4th Cir. 1981) (discussing the duties and obligations of defense counsel). Of course, there is no prejudice if there was no reasonable probability that the withdrawal defense would have succeeded at trial. Hill, 474 U.S. 59; Savino, 82 F.3d at 599.

Given the facts which were known, or should have been known through diligent investigation and legal research, to trial defense counsel prior to advising McGraw to plead guilty, we find that McGraw had at least a colorable withdrawal defense, i.e., he had a colorable claim that he withdrew from the conspiracy. United States v. Urbanik, 801 F.2d 692 (4th Cir. 1986). The viability of that defense was a jury question. Hyde v. United States, 225 U.S. 347, 371 (1912); United States v. Wooten, 688 F.2d 941, 946 (4th Cir. 1982); United States v. Grubb, 527 F.2d 1107, 1109 (4th Cir. 1975). However, McGraw never was given the opportunity to present his colorable withdrawal defense to the jury because counsel told him to plead guilty after conducting an ineffective and cursory investigation into the circumstances surrounding McGraw's alleged withdrawal. Accordingly, we find that trial defense counsel was ineffective, and that but for defense counsel's errors, McGraw would not have pled guilty and would have insisted on going to trial. See Hill, 474 U.S. at 56, 58.

We grant the Appellee's motion to supplement the record. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

3