Ronald WILLIAMS, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9407–PC–399.

Court of Appeals of Indiana,
Third District.

Jan. 30, 1995.

Transfer Denied March 22, 1995.

John D. Clouse, John P. Brinson, Evansville, for appellant.

Pamela Carter, Atty. Gen., Joseph F. Pieters, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

STATON, Judge.

Ronald Williams ("Williams") appeals the denial of his petition for post-conviction relief. Williams raises two issues for our review, which we consolidate and restate as whether he was denied the effective assistance of appellate counsel.[1]

We affirm.

The facts most favorable to the judgment reveal that a jury convicted Ronald Williams ("Williams") of murder, a felony, and dealing in a sawed-off shotgun, a class D felony. His conviction was affirmed on direct appeal in a memorandum decision of this court. Record, pp. 209–211. Williams filed a petition for post-conviction relief, which he later amended. After a hearing, the post-conviction court entered findings of fact and conclusions of law denying Williams' petition, and this appeal ensued.

■ Under the rules of post-conviction relief, the petitioner must establish the grounds for relief by a preponderance of the evidence. Ind.Post–Conviction Rule 1, § 5; *St. John v. State* (1988), Ind.App., 529 N.E.2d 371, 374, *trans. denied.* Thus, to succeed on appeal, the petitioner must show that the evidence is without conflict and leads only to a conclusion opposite that of the trial court. *Id.*

■ Reversal for ineffective assistance of counsel is appropriate only in cases where a defendant shows both that counsel's performance fell below an objective standard of reasonableness and that the deficient performance so prejudiced the defendant as to deprive him of a fair trial. *Bellmore v. State* (1992), Ind., 602 N.E.2d 111, 123 (citing *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674). A claim of ineffective assistance must identify the particular claimed errors. It shall be strongly presumed that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Judicial scrutiny of counsel's performance is highly deferential and should not be exercised through the distortions of hindsight. Isolated poor strategy, inexperience, or bad tactics do not necessarily amount to ineffectiveness of counsel. *Id.*

Williams argues that his appellate counsel was ineffective for failing to challenge the trial court's jury instruction on the lesser-included offense of voluntary manslaughter. Williams argues that the tendered instruction was erroneous because it misstated the burden of proof and considered sudden heat an element of the crime.[2]

---

1. Williams also raises the issue of ineffective assistance of trial counsel. This issue was not raised in his direct appeal and is therefore waived for post-conviction purposes. *Thomas v. State* (1994), Ind.App., 640 N.E.2d 772, 773, *trans. pending.* Williams attempts to circumvent waiver by arguing that his appellate counsel was ineffective. Because we conclude that his appellate counsel was not ineffective, this argument is meritless.

2. The trial court instructed the jury as follows:
   Voluntary Manslaughter, a Class A Felony, is included in the offense of Murder. The crime of Voluntary Manslaughter is defined by statute as follows: A person who knowingly or intentionally kills another human being, while acting under sudden heat, commits Voluntary Manslaughter, a Class B Felony. However, the offense is a Class A Felony if it is committed by means of a deadly weapon. The existence of sudden heat is a mitigating factor that reduces what otherwise would be murder to voluntary manslaughter. To convict the defendant, the State must have proved each of the following elements: the defendant, knowingly or intentionally, killed another human being, under sudden heat, by means of a deadly weapon. If the State fails to prove each of these elements beyond a reasonable doubt, you should find the defendant not guilty. If the State does prove each of these elements beyond a reasonable doubt, and you further find the defendant did the killing while acting under sudden heat, you should find the defendant guilty of Voluntary Manslaughter, a Class A Felony.
   Record, p. 169–170.

■ We agree with Williams that the trial court's instruction erroneously included sudden heat as an element of voluntary manslaughter. *See Fleenor v. State* (1993), Ind., 622 N.E.2d 140, 146. However, the post-conviction court found that the error was harmless, because "'there is no sufficient predicate here for a manslaughter instruction and no impairment to the fairness of the determination of guilt in giving an erroneous and confusing one.'" Record, p. 66 (quoting *Fleenor, supra*).

■ This conclusion is amply supported by the record. A voluntary manslaughter instruction is supported by the evidence if "there exists evidence of sufficient provocation to induce passion that renders the reasonable person incapable of cool reflection." *Roark v. State* (1991), Ind., 573 N.E.2d 881, 882. Mere evidence of anger is insufficient to demonstrate sudden heat, and is insufficient to support a voluntary manslaughter instruction. *Matheney v. State* (1992), Ind., 583 N.E.2d 1202, 1205, *cert. denied*, 504 U.S. 962, 112 S.Ct. 2320, 119 L.Ed.2d 238.

■ Testimony by several trial witnesses revealed that on the day of the murder, Williams threatened to kill both his estranged wife and the victim, with whom his wife was having an affair. Although there was evidence that Williams became angry after seeing the couple together earlier in the day, several hours passed before the murder actually occurred, allowing ample time for cool reflection. Evidence of premeditation was clear: Williams waited at his estranged wife's workplace with a sawed-off shotgun and shot the victim as soon as he arrived there. From this record the post-conviction court could conclude that the predicate was insufficient for an involuntary manslaughter instruction, thus any error in the given instruction was harmless. *Fleenor, supra.* Because counsel's failure to raise harmless error cannot be considered prejudicial, it does not support a finding of ineffectiveness of counsel. *Bellmore, supra.*

Williams next argues that his appellate counsel was ineffective for failing to challenge the authority of the sentencing judge. Williams was sentenced by Judge Patrick Bennett, who was appointed a temporary judge pursuant to Ind.Code § 33–13–6–1 (1993). Williams argues that because I.C. 33–13–16–5 expressly disallows a temporary judge from presiding over a sentencing hearing and pronouncing sentence, Bennett did not have the authority to preside over his sentencing.

■ Williams argument is without merit. Judge Bennett not only served as a temporary judge on the day of Williams' sentencing, he was also the duly appointed judge *pro tempore* who presided over Williams' trial.[3] As judge *pro tempore*, Bennett had continuing jurisdiction to conduct the sentencing hearing and impose sentence in the matter for which he was appointed. *Floyd v. State,* 650 N.E.2d 28, 34–35.[4] Because Judge Bennett properly presided over Williams' sentencing, appellate counsel cannot be deemed ineffective for failing to challenge his authority.

Affirmed.

HOFFMAN and FRIEDLANDER, JJ., concur.

---

3. By statute, a temporary judge may also serve as a judge *pro tempore*. *See* IND.CODE § 33–13–16–3 (1993).

4. This recent decision by our supreme court resolved the conflict among our districts, demonstrated by our Fifth District's decision in *Bou-* *shehry v. State* (1993), Ind.App., 622 N.E.2d 212, *affirmed on rehearing*, 626 N.E.2d 497, and our Second District's decision in *Billingsley v. State* (1994), Ind.App., 638 N.E.2d 1340, 1343. In so doing, our supreme court adopted the rationale set forth in *Billingsley* as the better rule.