Ronald **WILLIAMS**, Petitioner–Appellant,

v.

Al C. **PARKE**, Respondent–Appellee.

No. 97–1612.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 25, 1997.[1]

Decided Dec. 3, 1997.

Published Jan. 20, 1998.

---

**1.** After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir.

R. 34(f). This appeal originally was issued as an unpublished order. The court, upon request, issues this decision as an opinion pursuant to Circuit Rule 53(d)(3).

Ronald Williams, pro se.

Phillip D. Hatfield, Hood River, OR, for Appellee Parke.

Before FAIRCHILD, CUMMINGS and MANION, Circuit Judges.

FAIRCHILD, Circuit Judge.

Ronald Williams was convicted by a jury in Indiana state court of one count of possessing a sawed-off shotgun and one count of first-degree murder and was sentenced to forty-five years' imprisonment. He filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 which the district court denied. Williams appeals and we affirm.

Williams was convicted of murdering his estranged wife's lover, Gene Thompson, in front of the grocery store where Thompson and Williams's wife worked. He now seeks collateral relief under 28 U.S.C. § 2254 claiming that the Indiana trial court violated his right to a fair trial when it substituted a juror when he was not present; that trial counsel was ineffective; that the state trial judge was without jurisdiction to enter judgment against and sentence Williams; that the evidence was insufficient to convict him; and that the district court erred in holding

that four remaining claims were procedurally defaulted.

After denying Williams's petition for habeas corpus, the district court granted a certificate of appealability on two issues: whether the substitution of a juror during deliberations violated the petitioner's rights under the Sixth Amendment and whether the petitioner's appellate counsel was constitutionally sufficient. Before reviewing these two issues, we address Williams's claim that the district court erred in giving "unreasonable and erroneous reliance" on the state court's factual findings, and that the amendments to § 2254 enacted under the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 ("Act"), do not apply to him. In Lindh v. Murphy, the Supreme Court held that the Act applies only to those petitions filed after the effective date of the Act, or April 24, 1996. *Lindh v. Murphy,* — U.S. —, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Because Williams filed his habeas corpus petition on August 28, 1996, after the effective date of the Act, the amendments contained in the Act apply to him. Under the amendments, the factual findings of state trial and appellate courts are presumed to be correct unless the defendant rebuts the presumption with clear and convincing evidence. See 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").

■ Williams argues that the district court erred in concluding that his claims related to the improper substitution of a juror after deliberations began were procedurally defaulted. A federal court will not address federal claims in a petition for habeas corpus that were not fairly presented to the state courts. *Picard v. Connor,* 404 U.S. 270, 275–76, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). Consequently, if a state court refused to hear a federal claim because it was not properly presented to the state courts, and the refusal was based on adequate and independent state grounds, we are barred from reviewing the claim. *Hogan v.*

*McBride,* 74 F.3d 144, 146 (7th Cir.), modified, 79 F.3d 578 (7th Cir.1996). It is true that the state appellate court noted on direct appeal that Williams had waived his claim associated with the substitution of a juror because he had presented a different ground on appeal than that he used when objecting at trial. See *Jester v. State,* 551 N.E.2d 840, 843 (Ind.1990). However, the state court proceeded to decide the issue on the merits; thus, because the state court did not clearly and expressly rely solely on the state procedural grounds, we may consider this claim. See *Coleman v. Thompson,* 501 U.S. 722, 735, 111 S.Ct. 2546, 2557, 115 L.Ed.2d 640 (1991).

■ After both sides had rested at trial, the trial judge had a brief discussion with counsel when the jury was not present regarding the possible substitution of a juror. The judge noted that one of the jurors may have to be excused for a doctor's appointment, and neither side objected. Defense counsel stated "[t]hat's fine, provided the Court goes to Alternate One first." The next day, after the jury had been instructed and deliberations had begun, the court replaced Juror #8 with Alternate Juror #1 at 3:40 p.m. without notifying the parties. After the verdict was rendered at 5:10 p.m. that same day, defense counsel objected and moved for a mistrial on the basis of the substitution. Williams asserts that he had a right to be present during the substitution and that it was constitutionally improper to substitute the jurors outside of his presence. In *Henderson v. Lane,* the defendant asserted that the substitution after deliberations began of an ill juror with a discharged alternate juror when the defendant was not present violated the Fourteenth Amendment. *Henderson,* 613 F.2d 175, 177 (7th Cir.1980). In rejecting the petitioner's Fourteenth Amendment claim, this court agreed that the petitioner should have been present for the substitution but concluded that the error was harmless. *Id.* at 179. The court noted that the petitioner's attorney was present and was able to question the alternate jurors, that the substitution was permissible under Illinois law, that the alternate juror had not formed an opinion about guilt or innocence, and that the petitioner had the opportunity to observe

the empaneling of the alternate jurors at the original voir dire. *Id.* Here, counsel was aware of the possible substitution the day before it occurred and did not object. Further, the petitioner was present during voir dire and the empaneling of the jurors and the alternate jurors. The alternate juror was sworn in with the other jurors before the presentation of the evidence, was present throughout trial, and was present during jury deliberations but did not participate until the substitution. Consequently, we conclude that the petitioner's absence at the time of substitution constituted harmless error.

■■■■ The second issue certified on appeal was whether appellate counsel was ineffective for not including a challenge to the jury instruction on voluntary manslaughter on direct appeal. In order to succeed on his ineffective assistance of counsel claim, Williams must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defendant. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). "[A]ppellate counsel is ineffective if counsel fails to raise issues that are (1) obvious, and (2) clearly stronger than the one raised." *Kelly v. United States,* 29 F.3d 1107, 1112 (7th Cir.1994). "When a state court applies established law, its decision must be respected unless 'unreasonable.' " *Holman v. Gilmore,* 126 F.3d 876, 881 (7th Cir.) (citing 28 U.S.C. § 2254(d)(1)), petition for cert. filed, Dec. 8, 1997 (No. 97–7157).

■■■■ Williams claims that had the jury been properly instructed, it may have convicted him of voluntary manslaughter rather than first-degree murder. In Indiana, the elements of first-degree murder and voluntary manslaughter are the same: a person who knowingly or intentionally killed another human being. *Pinegar v. State,* 553 N.E.2d 525, 527 (Ind.Ct.App.1990). "As between murder and voluntary manslaughter, the distinguishing feature (although not properly an element of the offense) is the presence of sudden heat." *Id.* at 528. Because it is a mitigating factor, the burden initially rests with the defendant to demonstrate the existence of circumstances creating "sudden heat," and then the State bears the burden of

negating the "defense." *Id.* Here, when instructing the jury on voluntary manslaughter, the court initially stated correctly that "the existence of sudden heat is a mitigating factor that reduces what otherwise would be murder to voluntary manslaughter." R. 169. However, the court went on to state inaccurately that in order to convict the defendant of voluntary manslaughter, the "State must have proved each of the following elements: The defendant, knowingly or intentionally, killed another human being, under sudden heat, by means of a deadly weapon." R. 16970 (emphasis added). As noted above, however, sudden heat is not an element of the crime; rather it is a mitigating factor.

The State concedes and the appellate court acknowledges that the trial court's instruction erroneously included sudden heat as an element of voluntary manslaughter. The Indiana Court of Appeals concluded on Williams's appeal from the denial of post-conviction relief, however, that the evidence was insufficient to support a voluntary manslaughter instruction because evidence of premeditation was clear. In that case, any error in the voluntary manslaughter instruction was harmless and counsel's failure to raise the issue on direct appeal could not have been prejudicial. See *Williams v. State,* 646 N.E.2d 80, 82 (Ind.Ct.App.1995) (citing *Fleenor v. State,* 622 N.E.2d 140, 146 (Ind.1993)). The evidence supports the state court's conclusion that the murder was not committed in sudden heat. Indeed, Williams's neighbor testified that Williams had been at his house on the morning of the murder and had said that he was very angry at his wife and the victim, Gene Thompson. The neighbor stated that Williams said he was going to "take care of them" that night, during the shift change at the grocery store where they worked. The neighbor also testified that he heard Williams say to Thompson that same morning, "you won't walk past me tonight," and that Williams asked the neighbor if he had a gun Williams could buy. Based on this evidence, we conclude that the state appellate court's application of Strickland that Williams had failed to demonstrate prejudice was not unreasonable.

Williams has raised several other claims in his brief on appeal that were not included in the district court's certificate of appealability. These are: that trial counsel was ineffective; that the state trial court judge was without jurisdiction to preside over his sentencing; that the trial court committed instructional errors; that there was prosecutorial misconduct; that the trial court erroneously sentenced him; that hearsay improperly was used at his trial; and, that the evidence was insufficient to convict him of the crime. However, we are not constrained by the issues certified by the district court and treat Williams's discussion of these claims as an implicit request for a certificate of appealability from this court. Accordingly, we must decide whether Williams. has met the standard for receiving a certificate of appealability, that is, whether he has made a substantial showing of the denial of a constitutional right. See *Porter v. Gramley,* 112 F.3d 1308, 1312 (7th Cir.), petition for cert. filed, Nov. 14, 1997 (No. 97–6773); 28 U.S.C. § 2253(c)(2). Because Williams has failed to make a substantial showing of the denial of a constitutional right on any of these claims, we deny his implicit request for a certificate of appealability on them.

AFFIRMED.