139 F.3d 902
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Anthony E. THOMAS, Petitioner-Appellant,
v.
Al C. PARKE, Respondent-Appellee.
 No. 97-1852.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 9, 1998*.
Decided Feb. 9, 1998.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. No. 3:96-CV-517-AS Allen Sharp, Judge.
 Before Hon. WILLIAM J. BAUER, Hon. JOHN L. COFFEY, Hon. DANIEL A. MANION, Circuit Judges.
 
 ORDER
 
 1
 On November 23, 1993, Anthony Thomas fought with his wife, Cleora Thomas, striking and biting her repeatedly on the hands, arms and face, with the result that she lost her left eye. A jury convicted Thomas of aggravated battery, and he is now serving a twenty-year sentence at the Indiana State Prison in Michigan City, Indiana. He filed a petition for a writ of habeas corpus in the district court under 28 U.S.C. § 2254, and the district court dismissed the petition. Thomas appeals, and we affirm.
 
 
 2
 Thomas's petition was filed after April 24, 1996, so the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) govern. Among those provisions is a limitation on the appealability of habeas petitions: in order to appeal, petitioners must obtain a certificate of appealability, which identifies the issue(s) as to which the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Thomas raised five issues in his habeas petition, but the district court certified only one for appeal, the issue of whether Thomas's Fifth and Fourteenth Amendment rights were violated by the trial court's admission of his post-arrest statement to the police.[1]
 
 
 3
 Thomas claims that his post-arrest statement to the police, in which he admitted fighting with his wife and causing her injuries, was involuntary and therefore its admission against him at trial was unconstitutional. Thomas asserts that his statement was involuntary because he was intoxicated at the time he gave the statement, and he would not have given the statement if he had been sober. This may be true; many people later regret actions they took while intoxicated. But Thomas must show more than mere intoxication to succeed on a voluntariness claim. The Supreme Court has held that "coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment." Colorado v. Connelly, 479 U.S. 157, 167, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986). In the absence of such coercion, Thomas's intoxication cannot negate the voluntariness of his statement. United States v. Montgomery, 14 F.3d 1189, 1195 (7th Cir.1994) (a diminished mental state due to alcohol or drugs is relevant to voluntariness only if it made police coercion more effective); United States v. Chrismon, 965 F.2d 1465, 1469 (7th Cir.1992) (same); Andersen v. Thieret, 903 F.2d 526, 530 n. 1 (7th Cir.1990) (the defendant's intoxication by itself cannot support a finding of involuntariness and "is relevant only to the extent it made him more susceptible to mentally coercive police tactics"). As Thomas has not even alleged, much less demonstrated, any coercive police tactics, his voluntariness claim must fail.
 
 
 4
 We agree with the district court that none of the other claims Thomas presented in his habeas petition rise to the level of the "substantial showing" of the denial of a constitutional right required for appellate review, and thus deny the implicit request for a certificate of appealability created by his appellate arguments on these issues. See Williams v. Parke, 133 F.3d 971, 1998 WL 17794 at * 4 (7th Cir. Jan.20, 1998). For instance, Thomas's claims related to the special judge who conducted the trial, and evidentiary issues related to various privileges claimed by Thomas and his wife, were framed purely as state law issues throughout Thomas's direct appeal and petition to the district court; they raise no constitutional issues. Nor does Thomas's claim relating to the sufficiency of the evidence supporting his conviction come even close to meeting the standard of Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We therefore AFFIRM the judgment of the district court.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 The district court certified this issue for appeal in an order dated April 9, 1997. On September 25, 1997, the district court issued a second order certifying two issues for appeal: the Fifth Amendment issue identified in the first certificate of appeal, and an issue regarding the petitioner's right to an impartial jury under the Sixth Amendment. As Thomas had never even mentioned any such Sixth Amendment issue in his habeas petition or later briefs, we believe that the second certificate of appealability was issued in error, and disregard it