142 F.3d 439
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jeff HOUSE, Petitioner-Appellant,
v.
Jack DUCKWORTH, Respondent-Appellee.
 No. 97-3461.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 30, 1998.*
Decided April 30, 1998.
 
 Appeal from the United States District Court for the Northern District of Indiana, Hammond Division, No. 97 CV 22, James T. Moody, Judge.
 Before Hon. RICHARD A. POSNER, Chief Judge, Hon. WALTER J. CUMMINGS and Hon. KENNETH F. RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Jeff House appeals the district court's dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he sought relief from his conviction for the 1979 murder of Donald Hulsey. The district court certified for appeal the question of whether the Indiana Supreme Court violated House's due process rights when it ruled that disclosure of Brady material to House prior to trial would not have created a reasonable possibility of a different outcome at trial. We affirm.
 
 
 2
 On June 3, 1979, police in Warren County, Indiana found the bludgeoned body of Donald Hulsey. The investigation of Hulsey's murder made little progress until April of 1985, when a man named Jon Wood confessed to being involved in the murder. Wood told police that he had witnessed Hulsey's murder and that Jeff House was at least partially responsible. On the basis of this confession, the police arrested House.
 
 
 3
 House was tried for murder in the Circuit Court of Warren County, Indiana. A jury found him guilty, and the trial court sentenced him to sixty years' imprisonment. A few weeks after the conviction, the defense learned that the state had not disclosed, pursuant to House's general discovery request for all exculpatory Brady material, numerous police interview transcripts conducted in 1981 and 1983 implicating a man named Harold Hensley in Hulsey's murder. See Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). House's counsel filed a motion to correct errors based on the state's withholding of material exculpatory evidence, but the trial court denied the motion following a hearing. House appealed his conviction to the Indiana Supreme Court, which affirmed. House v. State, 535 N.E.2d 103 (Ind.1989).
 
 
 4
 In August of 1997, House filed a § 2254 petition. Because House's habeas petition was filed after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), governs our analysis. Lindh v. Murphy, 521 U.S. 320, ----, 117 S.Ct. 2059, 2063, 138 L.Ed.2d 481 (1997), rev'd on other grounds, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); Holman v. Gilmore, 126 F.3d 876, 880 (7th Cir.1997), cert. denied, --- U.S. ----, 118 S.Ct. 1169, 140 L.Ed.2d 179, 1998 WL 83995 (March 2, 1998). Under AEDPA, a writ of habeas corpus may issue with respect to issues decided on the merits in the state courts only if the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if it "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1) and (2). This court's "criterion for assessing the reasonableness of a state court's application of Supreme Court caselaw, pursuant to § 2254(d)(1), is 'whether the determination is at least minimally consistent with the facts and circumstances of the case.' " Sweeney v. Parke, 113 F.3d 716, 718 (7th Cir.1997) (citation omitted).
 
 
 5
 Although the district court dismissed House's petition without reviewing the record or requiring House's custodian to respond, the court certified for appeal the question of whether the Indiana Supreme Court violated House's due process rights when it ruled that disclosure of the Hensley interviews would not have created a reasonable possibility of a different outcome at trial. Because House's appellate brief fails to specifically address this issue, the matter is waived. See Bratton v. Roadway Package Sys., Inc., 77 F.3d 168, 173 n. 1 (7th Cir.1996). Even if House had not waived this issue, the Indiana Supreme Court's ruling regarding the Brady material did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. §§ 2254(d)(1). The Indiana Supreme Court concluded that the Hensley interviews were inconsistent, unreliable, and unable to create a reasonable probability that their delivery to the defense prior to trial would have changed the outcome. House, 535 N.E.2d at 108. This conclusion was at least minimally consistent with the facts and circumstances of the case. Sweeney, 113 F.3d at 718.
 
 
 6
 House raises another claim in his appellate brief that was not included in the district court's certificate of appealability whether the district court erred in dismissing his habeas petition pursuant to Rule 4 of the Rules Governing 28 U.S.C. § 2254 without reviewing the trial record or requiring a response from House's custodian. This court treats this additional claim "as an implicit request for a certificate of appealability from this court. Accordingly, we must decide whether [House] has met the standard for receiving a certificate of appealability, that is, whether he has made a substantial showing of the denial of a constitutional right." Williams v. Parke, 133 F.3d 971, 975 (7th Cir.1997).
 
 
 7
 House fails to make such a showing with respect to his claim. Rule 4 of the Rules Governing § 2254 cases "enables the district court to dismiss a petition summarily, without reviewing the record at all, if it determines that the petition and any attached exhibits either fail to state a claim or are factually frivolous." Small v.. Endicott, 998 F.2d 411, 414 (7th Cir.1993). A district judge may also dismiss a petition pursuant to Rule 4 and then certify an issue for appeal based on the reasoning that while the district judge might find the suit frivolous, the appellate court might not agree. Johnson v. Gramley, 929 F.2d 350, 351 (7th Cir.1991). In this case, the district court dismissed House's petition after finding that the two issues raised in the petition were frivolous. Specifically, the district court found that the Indiana Supreme Court reasonably applied Supreme Court caselaw to House's Brady claim, and that House's second claim, which related to Jon Wood's invocation of the marital communications privilege at trial, was resolved on state law grounds that failed to implicate any constitutional concerns. The district court's dismissal was not in error. The state court ruling as to the Brady claim did not involve an unreasonable or incorrect application of federal law. With respect to the marital communications claim, House failed to demonstrate in his habeas petition how the Indiana Supreme Court's ruling violated his Sixth Amendment rights. House likewise failed to distinguish Supreme Court cases recognizing the marital communications privilege. See Trammel v. U.S., 445 U.S. 40, 50-53, 100 S.Ct. 906, 63 L.Ed.2d 186 (1980), Blau v. United States, 340 U.S. 332, 333-34, 71 S.Ct. 301, 95 L.Ed. 306 (1951).
 
 
 8
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The appellee filed a motion for an order of non-involvement due to lack of service in the trial court. This court subsequently ordered that this appeal be submitted for decision without the filing of a brief by the appellee. The court then issued a Circuit Rule 34(f) notice to which there has been no response. See Fed.R .App.P. 34(a), Cir.R. 34(f). Accordingly, the appeal is submitted on the appellant's brief and the record