**Dennis J. VAN STRATEN, Petitioner,**

v.

**David H. SCHWARTZ, Administrator, Division of Hearings and Appeals, Respondent.**

**No. 98–C–509.**

United States District Court, E.D. Wisconsin.

March 9, 1999.

Dennis J. Van Straten, pro se.

William Gansner, Office of Attorney General Madison, WI, for respondent.

### DECISION AND ORDER

CURRAN, District Judge.

Dennis J. Van Straten, a prisoner in state custody, is seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. He is challenging the revocation of his parole. The Respondent has answered and has conceded that Van Straten has exhausted his state remedies and that his petition is timely. However, the Respondent denies that Van Straten is entitled to relief.

### I. *FACTS*

Dennis Van Straten was convicted four times in Wisconsin courts of a series of criminal offenses. He served time in prison and was paroled on December 4, 1992. At Van Straten's request, his parole supervision was transferred to Florida. In 1995, while still on parole, Van Straten was again convicted of a crime and was sentenced to thirteen months of imprisonment in Florida. After serving eleven months of that sentence, he was extradited to Wisconsin for parole revocation proceedings which were commenced ten weeks after Van Staten reached Wisconsin. An admin-

istrative law judge revoked Van Straten's parole based upon the violation evidenced by the conviction in Florida, and sentenced him to seven years in prison.

Van Straten pursued an administrative appeal, then judicial review; but, his arguments were rejected. The Wisconsin Court of Appeals affirmed the lower court. *See State ex rel. Van Straten v. Schwarz,* 216 Wis.2d 384, 576 N.W.2d 89, 1998 WL 7401 (Wis.Ct.App. Jan.13, 1998).

## II. *COLLATERAL REVIEW*

After his state remedies proved unavailing, Van Straten filed his petition for a writ of habeas corpus in this court. *See* 28 U.S.C. § 2254. He raises the following five issues for collateral review:

1. "That the Petitioner was denied his right to a full and fair right of appeal, to have his arguments before the Court of Appeals properly addressed. To state that the Court of Appeals need not sift the record, clearly demonstrates that the evidence presented before the Court of Appeals was in fact not given proper review, and thus did not render an inadequate appeal process."

Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at 8.

2. "That all Tribunal's rendered decisions based upon the actions that occurred in the State of Florida, yet it would not allow the actual transcripts of the Florida proceedings be presented before the Court's so the courts in the State of Wisconsin could see first hand exactly what transpired in the State of Florida."

*Id.* at 9

3. "That the Petitioner was denied procedural due process rights when proceedings were not brought in a timely fashion."

*Id.* at 10.

4. "That the Petitioner was denied his right to equal protection, and due process by having his revocating offense placed under the 3rd category of the plotkin Analysis. That the Petitioner was denied to be credited for the discretionary parole period, street-time, which continues to violate a protected liberty interest."

*Id.* at 12.

5. "That the Petitioner was subjected to an inadequate support process when the Court of Appeal's of Wisconsin rendered it's decisions based upon claims that are not supported by the record."

*Id.* at 14.

Based upon the record of the state proceedings, the court finds that the Petitioner has met his burden of demonstrating that he has fulfilled the prerequisites for relief, including fairly presenting the substance of his five federal claims to the state courts. *See Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

### A. SCOPE OF REVIEW

■ Van Straten filed his petition after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 (AEDPA) (enacted April 24, 1996), so the provisions of AEDPA apply to his claims. *See Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059 2063, 138 L.Ed.2d 481 (1997); *Holman v. Gilmore,* 126 F.3d 876, 879–80 (7th Cir.1997), *cert. denied sub nom. Holman v. Page,* —— U.S. ——, 118 S.Ct. 1169, 140 L.Ed.2d 179 (1998). This new law amends 28 U.S.C. § 2265(d) by requiring federal courts "to give greater deference to the determinations made by state courts than they were required to do under the previous law." *Emerson v. Cramley,* 91 f.3d 898, 900 (7th Cir.1996), *cert. denied sub nom. Emerson v. Gilmore,* 520 U.S. 1122, 117 S.Ct. 1260, 137 L.Ed.2d 339 (1997). Specifically, the new subsection 2254(d) establishes that greater deference be accorded state court determinations by providing that:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

■■ Courts using this new subsection to analyze a habeas corpus claim must first determine whether the issue is solely a question of law, or a mixed question of law and fact, or solely a question of fact. *See Lindh v. Murphy,* 96 F.3d 856, 870 (7th Cir.1996), *rev'd on other grounds,* 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). The "contrary to" clause of subsection 2254(d)(1) applies solely to questions of law. *See Id.* at 869. It requires federal courts "to give state courts' opinions a respectful reading, and to listen carefully to their conclusions, but when the state court addresses a legal question, it is the law as determined by the Supreme Court of the United States that prevails." *Id.*

■■ In cases where mixed questions of law and fact arise, federal courts will not grant collateral relief from state court judgments unless the state court's judgment is "unreasonable." *Id.* at 870. Mixed constitutional questions of law and fact are those decisions "which require the application of a legal standard to the historical-fact determinations." *Thompson v. Keohane,* 516 U.S. 99, 109, 116 S.Ct. 457, 133 L.Ed.2d 383 (1995). Unreasonableness equates to a demonstration of incorrectness by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). In determin-ing whether a state court's application of Supreme Court case law was reasonable, a federal court must assess whether the determination was minimally consistent with the facts and circumstances of the case. *See Hennon v. Cooper,* 109 F.3d 330 (7th Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 72, 139 L.Ed.2d 32 (1997).

■■ Finally, facts found by a state court are presumed to be correct unless the petitioner rebuts this presumption with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Williams v. Parke,* 133 F.3d 971, 973 (7th Cir.1997). The AEDPA amended the habeas corpus statute to provide that:

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—

(A) the claim relies on—

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e). Van Straten has not shown entitlement to an evidentiary hearing under this standard and has not submitted clear and convincing evidence to rebut the presumption that the facts set

forth by the Wisconsin Court of Appeals are correct. Thus, only issues of law or mixed issues of law and fact raised by Van Straten need be considered, and then only those issues which implicate a constitutional right. The only such issue among the five grounds for relief raised by Van Straten [1] is whether he was denied procedural due process when the revocation proceedings were not instituted for thirteen months and two weeks.

In discussing this issue, the Wisconsin Court of Appeals recognized that the United States Supreme Court has held that a prisoner has a due process interest in speedy extradition and parole revocation proceedings. *See Moody v. Daggett*, 429 U.S. 78, 86–97, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976); *Morrissey v. Brewer*, 408 U.S. 471, 487–88, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). However, under *Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976), "when a parolee's custody derives from another conviction rather than from a parole violation, the consequent liberty loss attended upon parole revocation and protected in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), is not yet triggered." *State ex rel. Van Straten v. Schwarz*, 216 Wis.2d 384, 576 N.W.2d 89, 1998 WL 7401 (Wis.Ct. App. Jan.13, 1998). For this reason and because the court found that the ten additional weeks spent awaiting the hearing in Wisconsin was not unreasonable, the Wisconsin court found no constitutional violation.

■ This result is not contrary to or an unreasonable application of clearly established law as determined by the United States Supreme Court. The eleven months Van Straten spent serving his Florida sentence did not deprive him of due process because *Moody v. Daggett* holds that a federal parolee imprisoned for a crime committed while on parole has no

due process right to a prompt revocation hearing prior to being taken into custody on a violation warrant. *See Moody*, 429 U.S. at 86, 97 S.Ct. 274. Thus, Van Straten's due process rights had not ripened while he served his Florida sentence. When Van Straten was returned to Wisconsin, he still had two months of his Florida sentence to serve. He spent ten weeks awaiting a revocation hearing. Although he argues that this "delay" violated his right to due process, Van Straten has cited no opinion of the United States Supreme Court which supports his position. Moreover, he has not shown that he asserted his right to a speedy hearing or that he suffered prejudice as a result of the delay. *See Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Under these circumstances any delay in commencing Van Straten's revocation hearing was not unreasonable or tantamount to a deprivation of due process.

### *ORDER*

For the reasons explained above, the court ORDERS that Dennis J. Van Straten's "Petition Under § 2254 for Writ of Habeas Corpus by a Person in State Custody" (filed June 1, 1998) IS DENIED upon its merits.

IT IS FURTHER ORDERED that this action IS DISMISSED with prejudice.

IT IS FURTHER ORDERED that, pursuant to Federal Rule of Civil Procedure 58, the Clerk of Court shall enter a final judgment as a separate document. This judgment shall provide that:

> This action having come on for a hearing before the court, the Honorable Thomas J. Curran, District Judge, presiding, and the issues having been heard and a decision having been rendered,

IT IS ORDERED AND ADJUDGED

---

1. Van Straten's complaints about the deliberative process of the Wisconsin Court of Appeals (grounds one, two, and five) do not raise constitutional concerns. Likewise, ground

four (categorization of the offense giving rise to revocation) is based upon state statutory law.

that Dennis J. Van Straten's petition for a writ of habeas corpus is denied and this action is dismissed upon its merits.