716,736-03

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 14 2015

IN THE COURT of Abel Acosta, Clerk

CAUSE NO.1056657

EX PARTE                              §

ROSALI BONILLA

V                                     §                    CRIMINAL APPEALS

STATE OF TEXAS                        §                    OF TEXAS

----------------------------------------------------------------

APPLICANT'S OBJECTION TO THE

STATE'S PROPOSED FINDING OF FACT,

CONCLUSION OF THE LAW AND OERDER.

----------------------------------------------------------------

TO THE HONORABLE JUDGE OF SAID COURT,

NOW COMES ROSALI BONILLA and humbly submits this his objection
to the State's proposed finding of fact,conclusion of the law
and order. In support of his claim,Applicant submits the followi-
ng.

I

On January 26,2015,Applicant filed his application for a writ
of habeas corpus pursuant to Article 11.07. On february 10,2015
the State submitted their Reply to applicant's application for
a writ of habeas corpus and also submitted a Motion Requesting
Designation of issues. In whichn the State proposed that the
following issues be resolved in the instant proceeding:

  !. whether the applicant was denied a fair trial due to prosec-
  utorial misconduct,

  2. whether the applicant was denied effective assistance of
  counsel.

The applicant has shown this Honorablwe Court that the above
mention issues has been proving true by the record and the prose-
cutorial misconduct claim has been proven by the Affidavit that
was submitted by Mrs.Fuentes. In which she clearly stated that
she did not have any chioce,but to testified against Mr.Bonilla
or the D.A. wilould had put her mother in jail. This was a clear
violation of Bonilla's Sixth Amendment right to a fair trial.

1

The prosecutor's duty in a criminal prosecution is to seek justice. Therefore, the prosecutor should "prosecute with earnestness and vigor" but may not use "IMPROPER METHODS CALCULATED to produce conviction as in this case at bar.

Mrs. Fuentes stated in court and in her affidavit that she did not wanted to be in court and that she was forced by the police to come to court and testified. See Exhibit (a) submitted with the application and the brief in support of the same.

These officers went to Fuentes's apartment handcuffed her mother and ordered her to get ready you're going to court. The officers threatened her mother with disrespect and frighting scared words. Fuentes was afraid for her and her mother. The D.A. also told her to participate or your mother is going to jail. After this treatment by the police and the D.A. How a young woman is supose to react to this horrible situation ? See Exhibit (a) Mrs. Fuentes's affidavit.

Past decision of this Court demonstrate that the touchstone of due process analysis in case of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor. Prosecutorial misconduct may so infect the trial with unfairness as to make the resulting conviction a denial of Due Process.

[P]rosecutorial misconduct may be so exceptionally flagrant that it constitutes plain error, and is grounds for reversal even if the defendant did not object to it. See U.S. V CARTER 236 F3d 777,780 (6th Cir 2001).

Under the plain error doctrine, we must search for an actual miscarriage of justice, which implies the conviction of one who but for the error or actions of the prosecutor, would have been acquited. See RODRIGUEZ V SCILLIA 193 F3d 913,918.

The State in their proposed finding of fact, coclusion of the law and order, states that a child victim in a sexual assault case does not have a privilege against testifying in a criminal trial. But what the State doesn't mention is that the child cannot be forced, coerced or threatened either. Even a child under seventeen years old have a constitutional right to plead the Fifth Amendment. The State claimed that (1) in all things the applicant

2

fails to show that his conviction was improperly obtained. Bonilla has proven this issue - See Fuentes's affidavit.

(2) The State also claimed that applicant fails to show he was denied effective assistance of counsel. Mr. Bonilla has explained his claim in details on his support brief for the application of writ of habeas corpus Art.11.07. In short,

I

Trial counsel waived his opening statement which deprived the jury of on explanation as to what the defense would be and compounded with other error constituted ineffective assistance of counsel. The jury was blind folded to the defense theory without the counsel's opening statement. The opening statement is one of the essential elements in a criminal trial. In this particular case, counsel could have explained his defense theory and the state of mind that Bonilla was at the time of the offense. Unfortunately, the jury and Bonilla were deprived of this opportunity to be educated of the defense theory and perhaps the opportunity to have the jury really considered a lesser sentence.

II

Trial counsel failure to move for mistrial and object to Fuentes's forced and coerced testimony deprived defendant of a fair trial.

Trial counsel should have objected to the prosecutor's actions to forced a witness to the courtroom. By not objecting to the state's actions shows a clear abandonment of the Sixth Amendment right by the trial counsel. At the very least, counsel should have ask for a hearing without the jurors present and present to the court an argument based on the witness's Fifth Amendment rights and Bonilla's right to a fair trial.

PRAYER

WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT HIM THE RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.

9/16/2015

RESPECTFULLY SUBMITTED

/s/

PRO SE.

3